NOT FOR PUBLICATION                                                                    CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCO MENA, | : |
| Petitioner, | : Civil Action No. 14-3215 (SRC) |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : **OPINION** |

**CHESLER, District Judge:**

On December 18, 2006, Petitioner pled guilty to receiving stolen goods and to unlawful use of an access device.[1] See United States v. Mena, Crim. Action. No. 06-0994, ECF Nos. 12 and 13. He was sentenced on March 10, 2010, and did not file a direct appeal. See id., ECF No. 19; see also Mena v. USA, Civ. Action No. 12-7269, ECF No. 1. Two and a half years later, that is, on November 1, 2012, he filed his § 2255 petition.[2] See Mena v. USA, Civ. Action No. 12-7269, ECF No. 1. Reviewing his § 2255 claims, the Court found them untimely regardless of a presumption that the petition was filed on November 1, 2012. Therefore, the Court directed Petitioner to show cause as to why his § 2255 challenges should not be dismissed on these grounds. See Mena v. USA, Civ. Action No. 13-1508, ECF Nos. 6 and 7. In response, Petitioner argued that he could overcome the statute of limitations bar under the actual innocence exception. See id., ECF Nos. 9 to 11 (relying on affidavits of his mother and ex-girlfriend as

---

[1] His guilty plea included a broad waiver as to his "right to file any appeal, any collateral attack or *any other writ or motion* . . . ." Id., ECF No. 13, at 8 (emphasis supplied).

[2] Being advised of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), he withdrew it and filed his all-inclusive petition. See Mena v. USA, Civ. Action No. 12-7269, ECF No. ECF No. 7; see also Mena v. USA, Civ. Action No. 13-1508, ECF No. 1.

new evidence, and asserting ineffective assistance of counsel). The Court disagreed, pointing out that under McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" of actual innocence; here Petitioner "waited over three years after his judgment, and over two years after the statute of limitations expired to obtain [the] affidavits" without explaining "why he could not have obtained the information from these witnesses" sooner, and without showing how his counsel's alleged errors prevented him from filing a timely § 2255 petition. See id., ECF No. 11. The Court, thus, dismissed the petition and declined to issue a certificate of appealability. See id.

Two months later, Petitioner moved for leave to file an appeal out of time. See id., ECF No. 15. This Court examined his motion under Fed. R. App. P. 4(a)(1) and (5), and Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324-26 (3d Cir. 2012), and denied it. See id., ECF No. 19. Petitioner appealed nonetheless and, on March 20, 2014, the Court of Appeals agreed with this Court's finding that Petitioner was not entitled to equitable tolling. See id., ECF No. 20, at 1-2 ("[Petitioner] has failed to show that . . . the District Court was [not] correct in concluding that his motion [under] 28 U.S.C. § 2255 was untimely filed, including [the] determination that equitable tolling is not warranted. . . . [Petitioner] failed to demonstrate that his language deficiency prevented him from complying with AEDPA's statute of limitations"). Six weeks after the Court of Appeals' ruling, Petitioner – already released from his confinement – filed the coram nobis application at bar. See id., ECF No. 22; see also Instant Matter, ECF No. 1.

The application raises numerous grounds. See Instant Matter, ECF No. 1, at 2. The first one relies on Padilla v. Kentucky, 559 U.S. 356 (2010), and asserts counsel's failure to advise Petitioner of the deportation consequences of his guilty plea. See id. at 7-10. The remaining

grounds address (1) evidence proffered against Petitioner for the purposes of 18 U.S.C. § 659; (2) the venue of his prosecution for the purposes of 18 U.S.C. § 1029; (3) the Government's alleged failure to comply with Brady v. Maryland, 373 U.S. 83 (1963); (4) Petitioner's counsel's election not to engage in pretrial investigation; and (5) lack of an interpreter during a plea proceeding before a magistrate judge.[3]  See id. at 10-23.

Petitioner's application warrants no coram nobis relief.[4]  First, it is barred by waiver.  See United States v. Ligon, 461 F. App'x 582, 583 (9th Cir. 2011) (since an application for a writ of error coram nobis is a form of collateral attack, it is barred by a broadly termed waiver); United States v. Johnson, 22 F. App'x 640, 641 (7th Cir. 2001) ("Such an attack, no matter what [Petitioner] chooses to call it, is collateral and is barred by his waiver") (citation omitted). Second, in light of Petitioner's substantial delay in raising his claims, the application fails to meet the "sound reasons" test of coram nobis.

> The extraordinary remedy of coram nobis is available to vacate convictions after a petitioner is no longer in custody for purposes of § 2255 only if, inter alia, "sound reasons exist for failing to seek relief earlier." Mendoza [v. United States], 690 F.3d [157,] 159 [3d Cir. 2012)] (quotation marks omitted).  In Mendoza, we affirmed the District Court's denial of a coram nobis petition on the basis of unreasonable delay when the petitioner waited some four years to allege that his counsel had rendered ineffective assistance.  See id. at 160. . . . [Petitioner] had [many] years to raise his challenge before being released from custody for § 2255 purposes, and he waited more . . . after that before filing his coram nobis petition. . . . [Petitioner] argues that his counsel coerced him into pleading guilty on the basis of erroneous advice but . . . he does not challenge the adequacy of his guilty plea colloquy, and counsel's alleged ineffectiveness at the time of the plea does not

---

[3]  In reality, Petitioner's plea hearing was held before the undersigned.  See United States v. Mena, Crim. Action. No. 06-0994, ECF No. 14.  During the hearing, Petitioner displayed clear understanding of the questions asked and good command of English language when he made his own statements.  He was released on $100,000 bond.  See id.

[4]  In a typical scenario, this Court would have issued a litigant an order to show cause as to why his untimely challenges should be afforded coram nobis relief.  Here, however, Petitioner was already *twice* afforded an opportunity to litigate the issue of timeliness, first before this Court during his § 2255 proceeding, and then before the Court of Appeals.  Therefore, there is no basis for offering him yet another "bite of this well-chewed apple." Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 645 (D.N.J. 2008).

>    explain [Petitioner's] inaction for [all the] years thereafter. See Mendoza, 690 F.3d at 159-60. [Petitioner] also argues that he . . . is of below-average intelligence, and does not understand the law. [However,] the "'sound reason' standard [of coram nobis] is even stricter than that used to evaluate § 2255" motions. Mendoza, 690 F.3d at 159. Section 2255 motions are governed by a statute of limitations subject to equitable tolling, and even outright mental incompetence (which [Petitioner] does not allege) is not a per se ground for equitable tolling. See Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005). [Petitioner] asserts that he wishes to avoid the collateral consequence of his . . . conviction[] . . . . A defendant seeking to avoid the collateral consequences of a conviction, however, cannot simply wait to seek relief until it appears that a collateral consequence may be imminent. Coram nobis requires instead "sound reasons" for not seeking relief when the petitioner had an opportunity to do so under § 2255.

United States v. Glover, 541 F. App'x 148, 149-50 (3d Cir. 2013).

Here, Petitioner's Brady-based attack, as well as his attacks on the evidence proffered against him and the venue of his prosecution, present procedurally-defaulted appellate claims barred by his waiver. See United States v. Garth, 188 F.3d 99, 106 (3d Cir. 1999) ("[V]oluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review") (citations omitted); accord North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. Broce, 488 U.S. 563, 574 (1989) (a conviction resulting from a knowing and voluntary plea is, generally, not subject to a collateral attack: if not challenged on direct appeal, it is deemed procedurally defaulted). Having first waived and then neglected these claims for years, he disentitled himself to coram nobis relief. Accord Glover, 541 F. App'x at 149-50.

Petitioner's attack on his guilty plea (alleging that there was no interpreter during a plea proceeding before a magistrate judge) does not contain any statement allowing him to meet the "sound reasons" test. Being already found unqualified for equitable tolling for the purposes of § 2255, see Mena v. USA, Civ. Action No. 13-1508, ECF Nos. 11 and 20, he cannot resort to the

4

equitable mandate of coram nobis.[5]  See Glover, 541 F. App'x at 149-50.  The same applies to his first ground based on Padilla v. Kentucky, 559 U.S. 356.  The Supreme Court issued Padilla on March 31, 2010, only *three weeks* after this Court sentenced Petitioner.  Hence, he could have launched a Padilla-based attack on direct appeal.  He did not.  He raised it two and a half years later in an untimely § 2255 petition.[6]  See Mena v. USA, Civ. Action No. 13-1508, ECF No. 1, at 4.  Not qualified for equitable tolling under § 2255, he a fortiori fails to meet the "sound reasons" test of coram nobis.  See Glover, 541 F. App'x at 149-50.

Therefore, his application will be denied.  An appropriate Order follows.

__s/ Stanley R.Chesler_____
**Stanley R. Chesler**
**United States District Judge**

Dated: May 28, 2014

---

[5]  Petitioner's claim that his counsel elected not to engage in pretrial investigation, while better suited for a § 2255 petition than a direct appellate application, is also barred by his waiver and, in addition, by his guilty plea since it does not implicate the voluntary and knowing nature of the plea.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (when a defendant has unconditionally pled guilty, "he may . . . only attack the voluntary and intelligent character of the guilty plea"); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985); accord United States v. Corso, 549 F.3d 921, 931 (3d Cir. 2008).  Furthermore, nothing in Petitioner's claim provides him with a basis for meeting the "sound reasons" test.  Accord Glover, 541 F. App'x at 149-50.

[6] Even if Petitioner's § 2255 Padilla challenges were timely, they would not provide him with a viable basis for relief, since the holding of Padilla is not retroactively applicable to matters on collateral review.  See Chaidez v. United States, 133 S. Ct. 1103 (2013).